NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SUNRISE SHIPPING CO., LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CHIN

------------------------------------------------------------X
SUNRISE SHIPPING CO., LTD.,            :
                                       :   08 CV 0126
                       Plaintiff,      :
                                       :   08 Civ.      (   )
        - against -                    :
                                       :   **VERIFIED COMPLAINT**
SINORICHES GLOBAL LIMITED,             :
                                       :
                       Defendant.      :
                                       :
------------------------------------------------------------X

Plaintiff, Sunrise Shipping Co., Ltd. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Sinoriches Global Limited ("Defendant"), alleges as follows:

    1.   This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The court has admiralty jurisdiction under 28 U.S.C. § 1333.

2.  At all material times, Plaintiff was and still is a corporation or other business entity organized and existing under the laws of the United Kingdom with an office and place of business at Rm 2309-2310, Unit B of Dalian Mingshi Fortune Center, No. 20 Gangwan Road, Zhongshan District, Dalian, China, 116001.

3.  Upon information and belief, at all material times, Defendant was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business at Room 1901, No.7 Gangwan Street, Zhongshan District, Dalian China.

4.  Pursuant to a voyage charter party fixture note dated July 12, 2007, Plaintiff as owner, chartered the vessel M/V AN SHUN to Defendant, as charterer for one voyage (the "Charter"). The Charter provides for resolution of disputes between the parties by arbitration in Hong Kong with English law to apply.

5.  Plaintiff and the aforesaid vessel duly performed the voyage although Defendant's use of the vessel at the port of loading exceeded the amount of allowed laytime to Defendant under the Charter giving rise to demurrage which resulted in the net amount of $148,303.00 being due and owing under the Charter by Defendant to Plaintiff, no part of which has been paid although duly demanded.

6. Defendant has therefore breached its contract with Plaintiff and owes to Plaintiff the principal amount of $148,303.00

7. The Charter provides that in the event of a dispute, the parties will arbitrate same in Hong Kong in accordance with English law. Costs, including attorney's fees and expenses are routinely awarded to the successful party in Hong Kong arbitration under English law and Plaintiff claims the total of $35,000 representing a reasonable estimate of the likely attorneys' and arbitrators' fees and costs to obtain an arbitration award in Hong Kong, as may become necessary.

8. Interest is also routinely awarded to the prevailing party in Hong Kong arbitration under English law on all of the foregoing amounts and Plaintiff claims interest at 5% for a period of two (2) years, or the sum of $14,830.30, the said period of time being a reasonable estimate for issuance of an award and any necessary confirmation thereof.

9. By reason of the foregoing premises, Defendant owes Plaintiff the sum of $198,133.30 as best as can presently be calculated.

10. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but the Defendant is believed to have or will have during the pendency of this action, assets within this

district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this district in the Defendant's name.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property owing or otherwise, of the Defendant up to the amount of $198,133.30, including, inter alia, cash, funds, credits, freight hire or electronic funds transfers going to or coming from the Defendant, in Defendant's name to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear

and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

  C. That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims;

  D. That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, the action be stayed pending resolution of the merits of the claim in Hong Kong in accordance with the governing contract; and

  E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
   January 7, 2008

         NOURSE & BOWLES, LLP
         Attorneys for Plaintiff
         SUNRISE SHIPPING CO., LTD.

         By: _____
         John P. Vayda (JV-0339)
         One Exchange Plaza
         At 55 Broadway
         New York, NY 10006-3030
         (212) 952-6200

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
JOHN P. VAYDA

Sworn to before me this
7 day of January, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

6